Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2235 | **DATE** | 5/5/2011 |
| **CASE TITLE** | Abbas Ghaddar v. Eric Holder, et al. | | |

**DOCKET ENTRY TEXT:**

The Plaintiff has paid the statutory filing fee and is represented by counsel. Plaintiff may proceed on his complaint as to Defendant Catherine Linaweaver. However, the complaint is dismissed as to Defendants Eric Holder, Bureau of Prisons, Metropolitan Correctional Center, and Darryl McPherson. The Clerk is directed to issue summons to Defendant Catherine Linaweaver and the U.S. Marshal's service is directed to serve her. Plaintiff's counsel is reminded of the requirements of FED. R. CIV. P. 4(i) that he deliver a copy of the summons and complaint to the United States Attorney for the Northern District of Illinois as well as sending a copy to the Attorney General of the United States and to the Federal Bureau of Prisons.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, an pre-trial detainee in custody at the Metropolitan Correctional Center, through counsel, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. As the Defendants named are all Federal Employees or Federal Agencies, the case is actually brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). A *Bivens* action is analogous to an action brought pursuant to 42 U.S.C. § 1983 in that it recognizes a private right of action for damages against a federal agent acting under color of federal law for the agent's violations of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980).
    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that he is a United States citizen, born in Lebanon, who is being subjected to unconstitutional conditions of confinement at the Metropolitan Correctional Center. Specifically, he alleges that he is being held in solitary confinement, in a cell with no windows or bars, with no access to a television or contact with other inmates. He alleges he is allowed to bathe three times per week, but that the bathing involves being stripped naked and hosed down by a guard for a few minutes. Plaintiff further alleges that when he is allowed to shave, he is given a rusty, bloody razor. He further alleges highly restricted visitation privileges and use of the telephone. Plaintiff alleges that his right to counsel is being impeded by the restrictions. Plaintiff alleges due process and equal protection violations.
    Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Metropolitan Correctional Center Warden Linaweaver for unconstitutional conditions of confinement and violation of his right to equal protection. Plaintiff has paid the required filing fee, and may proceed with his complaint against Defendant Linaweaver. While a more fully developed record may belie Plaintiff's claims, Defendant Linaweaver must respond to the allegations in the complaint.
**(CONTINUED)**

AWL

| STATEMENT |
|---|

However, the remaining Defendants are dismissed from the complaint. Plaintiff does not appear to seek relief under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and *Bivens* actions are not permitted against federal agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994). Plaintiff cannot sue either the Bureau of Prisons or the Metropolitan Correctional Center under 28 U.S.C. § 1331. Consequently the federal Bureau of Prisons and the Metropolitan Correctional Center are dismissed as Defendants.

Additionally, civil liability does not attach unless an individual defendant caused or participated in a constitutional deprivation. *Vance v. Washington*, 97 F. 3d 987, 991 (7th Cir. 1996), *cert denied*, 520 U.S. 1230 (1997) (citations omitted). Plaintiff has alleged no facts suggesting Attorney General Eric Holder and U.S. Marshal Darryl McPherson's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (*sua sponte* dismissal of complaint *Bivens* complaint upheld for failure to allege personal involvement against the defendants). Plaintiff alleges no facts indicating the involvement of Attorney General Holder, and Plaintiff is not in U.S. Marshal McPherson's custody and control. As a pre-trial detainee, housed in the Metropolitan Correctional Center, he is in the custody and control of the facility's warden: Defendant Linaweaver. Consequently, Defendants Holder and McPherson are dismissed as Defendants.

The Clerk shall issue summons for service of the complaint on Defendant Linaweaver (hereinafter, "Defendant"). The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant is no longer employed at the Metropolitan Correctional Center, the Federal Bureau of Prisons shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff's counsel is reminded of the requirements of FED. R. CIV. P. 4(i) that he deliver a copy of the summons and complaint to the United States Attorney for the Northern District of Illinois as well as sending a copy to the Attorney General of the United States and to the Federal Bureau of Prisons.